**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORENZO FOSSELMAN, AKA Lorenzo
Fosselman, Jr.,

              Petitioner - Appellant,

  v.

M. S. EVANS, Warden,

              Respondent - Appellee.

No. 11-15344

D.C. No. 1:10-cv-00328-LJO-GSA

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted June 9, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

      Lorenzo Fosselman, a California state prisoner, appeals the district court's order

denying habeas relief from a 30-day disciplinary reduction of good time credits.

Fosselman was disciplined because he refused to respond to an interview demand from

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

prison officials who were investigating recent gang activity within the prison. Fosselman argues that the reduction in good time credits violated his due process rights. We conclude that the state court's denial of relief was neither contrary to clearly established Federal law nor based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

Fosselman contends that, because there was no prison regulation expressly requiring inmates to participate in investigatory interviews, he was not given adequate notice that his conduct was sanctionable. Prison regulations clearly state, however, that "[i]nmates and parolees must promptly and courteously obey written and verbal orders." Cal. Code Regs. tit. 15, s. 3005(b). Fosselman failed to obey an order to appear for an interview. Notice was adequate.

Fosselman also argues that the interview request was unnecessary because prison officials had already completed their investigation of gang activity, and he had no pertinent information to provide. The disciplinary decisions of prison officials "must be supported by some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 447 (1985). Here, there was some evidence that Fosselman refused to obey an order to appear for an interview, that gang activity was an ongoing concern, and that interviews were necessary to ensure the safety of inmates and prison staff.

The district court's denial of Fosselman's habeas petition is **AFFIRMED**.